IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRENDA SCHREIBER, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-CV-155 (MTT) |
| ) | |
| JAMIE P. KEY, et al., ) | |
| ) | |
| Defendant. ) | |

# ORDER

On July 7, 2023, defendant Jamie Key filed a third-party complaint against third-party defendants W&A Engineering, LLC, Conner Grading Landscaping, Inc., and Holder Construction Demolition, LLC alleging that if he is liable to the plaintiffs, the third-party defendants are, in turn, liable to him.  Doc. 10.  Because W&A and Conner Grading failed to timely file an answer or otherwise responsive pleading, Key moved for a Clerk's entry of default against them.  Doc. 20.  On August 22, 2023, the Clerk of Court entered default against W&A and Conner Grading and instructed Key to file a motion for default judgment within twenty-one days.  Key moved for default judgment against both parties on August 28, 2023.  Doc. 21.  On August 31, 2023, W&A moved to stay the proceedings and compel arbitration, moved to set aside its default, and filed an answer.  Docs. 23; 24; 25.

Third-party plaintiff Key and third-party defendant W&A now jointly move to set aside W&A's default.  Doc. 26.  Additionally, both parties "agree to waive any right to arbitration and will proceed through this litigation to resolve its disputes."  *Id*. at 2.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "Good cause is a mutable standard, varying from

situation to situation," but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014). However, in light of the Eleventh Circuit's "strong policy of determining cases on their merits … default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (internal quotation marks and citation omitted).

The Court finds that there is good cause to set aside W&A's default. First, there is no allegation that W&A's default was culpable or willful. Second, both parties agree that setting aside W&A's default will not prejudice Key. Doc. 26 at 2. Finally, W&A acted promptly to correct the default—it moved to set aside its default and filed an answer only nine days after the Clerk entered default against it. Doc. 24. In any event, Key "has consented to opening any default by W&A." Doc. 26 at 2.

For the reasons addressed above, the parties' joint motion to set aside W&A's default (Doc. 26) is **GRANTED**. Accordingly, Key's motion for default judgment as to W&A (Doc. 21) and W&A's motion to stay (Doc. 23) and motion to set aside default (Doc. 24) are **TERMINATED as moot**.

Moreover, default judgment as to third-party defendant Conner Grading is not appropriate. "[A] defendant's default does not in itself warrant the court in entering a

-2-

default judgment." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Generally, in cases involving more than one defendant, such as here, a judgment should not be entered against a defaulting party alleged to be similarly situated until the matter has been adjudicated with respect to all defendants.  *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  The primary purpose of this rule is to eliminate the "risk of inconsistent adjudications." *Drill South, Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000).

Here, third-party plaintiff Key seeks an order and judgment holding that if he is liable to the plaintiffs, third-party defendants W&A, Conner Grading, and Holder Construction are liable to him.  However, W&A and Holder Construction have appeared and are defending themselves.  Docs. 22; 25.  Thus, if the Court were to enter a judgment against Conner Grading holding that it is liable to Key, there is a risk that the resulting judgments could be inconsistent.  *Drill South, Inc.*, 234 F.3d at 1237 n.8.

Accordingly, default judgment as to Conner Grading is not appropriate and Key's motion as to Conner Grading (Doc. 21) is **DENIED without prejudice**.

**SO ORDERED**, this 14th day of September, 2023.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).