IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRENDA SCHREIBER, et al.,  ) | |
| )  | |
| Plaintiff,  ) | |
| )  | |
| v.  ) | CIVIL ACTION NO. 5:23-CV-155 (MTT) |
| )  | |
| JAMIE P. KEY, et al.,  ) | |
| )  | |
| Defendant.  ) | |

## ORDER

On July 7, 2023, defendant Jamie Key filed a third-party complaint against third-party defendants W&A Engineering, LLC, Conner Grading Landscaping, Inc., and Holder Construction Demolition, LLC alleging that if he is liable to the plaintiffs, the third-party defendants are, in turn, liable to him.  Doc. 10.  Because W&A and Conner Grading failed to timely file an answer or otherwise responsive pleading, Key moved for a Clerk's entry of default against them.  Doc. 20.  On August 22, 2023, the Clerk of Court entered default against W&A and Conner Grading and instructed Key to file a motion for default judgment within twenty-one days.  Key moved for default judgment against both parties on August 28, 2023.  Doc. 21.  On September 14, 2023, the Court granted Key and W&A's joint motion to set aside W&A's default and denied Key's motion for default judgment as to Conner Grading.  Doc. 27.

Third-party plaintiff Key and third-party defendant Conner Grading now jointly move to set aside Conner Grading's default.  Doc. 29.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether

the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted).  Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014).  However, in light of the Eleventh Circuit's "strong policy of determining cases on their merits … default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (internal quotation marks and citation omitted).

The Court finds that there is good cause to set aside Conner Grading's default.  First, there is no allegation that Conner Grading's default was culpable or willful.  Second, both parties agree that setting aside Conner Grading's default will not prejudice Key.  Doc. 29 at 3.  Finally, Conner Grading acted somewhat promptly to correct the default.  Docs. 28; 29.  In any event, "Key has consented to opening the default by" Conner Grading.  Doc. 29 at 3.

For the reasons addressed above, the parties' joint motion to set aside Conner Grading's default (Doc. 29) is **GRANTED**.

**SO ORDERED**, this 22nd day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
