IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRENDA SCHREIBER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-155 (MTT) |
| JAMIE P. KEY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Brenda Schreiber filed suit against James Key on May 9, 2023.  Doc. 1.  Schreiber contends stormwater runoff from Key's property development caused erosion to her property in violation of the Clean Water Act and various state laws.  *Id.*  Key filed a third-party complaint against Conner Grading and Landscaping, Inc., Holder Construction and Demolition, LLC, and W&A Engineering, claiming that the third-party defendants are liable to Key for indemnification, contribution, and breach of contract.  Doc. 10.  Connor Grading's insurers, Property-Owners Insurance Company and Owners Insurance Company, move to intervene and stay this action until the resolution of their declaratory judgment action, which is also pending in this Court.  Doc. 43.  For the following reasons, the insurers' Motion to Intervene is **DENIED**.

Connor Grading notified the insurers of the claim against him on September 12, 2023.  Doc. 43-3 at 2.  The insurers executed a reservation of rights on October 9, 2023, which provided that the insurers would defend Connor Grading, but reserved the right to seek repayment of defense costs "to the extent that no coverage exists."  Doc. 43-3 at 22.  In November 2023, the parties moved to stay this action so they could

engage in settlement negotiations. Doc. 32. On April 30, 2024, after settlement negotiations failed, the stay was lifted. Doc. 42. The same day the stay was lifted, the insurers filed their declaratory judgment action against Connor Grading, Schreiber, and all of the defendants, seeking a declaration that they had no duty to defend or indemnify Connor Grading. *See Property Owners Insurance Company, et al v. Schreiber, et al*, No. 5:24-cv-00128-MTT (M.D. Ga.). For reasons not explained, the insurers did not move to intervene or stay until July 10, 2024. Doc. 43-1 at 4. Schreiber argues that staying the case will cause undue prejudice and delay. Doc. 44 at 1. The Court agrees.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681 (1997). However, "this power must not be exercised lightly." *See Home Ins. Co. v. Coastal Lumber Co.*, F. Supp. 1081, 1083 (N.D. Ga. 1983). Courts considering whether a stay is appropriate should weigh "the interests of all the parties and the interests of the court in an orderly disposition of its caseload." *Id.* Courts should also consider "the possible damage, hardship, and inequities to either of the parties resulting from grant or denial of the stay." *Choat v. Rome Industries, Inc.*, 480 F. Supp. 387 (N.D. Ga. 1979).

The insurers seek a stay to "preserve the status quo and avoid prejudice from defending an action for which this Court may ultimately declare that there is no insurance coverage." Doc. 43-1 at 9 (quoting *Rivera v. Parker*, 2021 WL 10257274, *1 (N.D. Ga. June 30, 2021)). They argue they will be prejudiced if the action is not stayed because they will be "forced to incur additional and significant unwarranted litigation costs." *Id.* at 10. The insurers also contend that a denial of a stay would negatively impact judicial economy because it would "eclips[e] the impact that a final determination

of the coverage issues may have on the resolution of the liability case." *Id.* The Court concludes that any prejudice to the insurers is outweighed by the effect of a stay on the remaining parties.

A stay would prejudice Schreiber, Key, Holder Construction, and W&A Engineering. The insurers' declaratory action only concerns one of the five parties to this case—Connor Grading. To stay the current litigation so that the insurers can resolve an issue with no bearing on the outcome of this case would unfairly prejudice the remaining parties. The prejudice is particularly unfair to Schreiber, who claims she is suffering continuing injuries and damages. *See Philadelphia Indem. Ins. Co. v. Macon Mortg., Inv.*, 2007 WL 4336331, at *1 (M.D. Ga Dec. 2007) ("[The plaintiff] has no contract with [the insurers] and no claim against [the insurers]…A stay of the underlying case would hinder [the plaintiffs'] ability to prosecute its claims and pursue its interests."); *see also Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083-84 (N.D. Ga 1983) ("It would not be fair to [the plaintiff], an injured party seeking compensatory damages, for this court to put [the plaintiff] on a back burner while [the insurance company] seeks a declaratory judgment as to its duties under a contract it made with someone else"). Discovery in the insurers' declaratory judgment action does not close until March 5, 2025, while discovery in this action closes on October 28, 2024. *Compare* No. 5:24-cv-00128, Doc. 33 *with Schreiber v. Key, et al*, No. 5:23-cv-155-MTT (M.D. Ga.), Doc. 42. To stay a case that is nearly finished with discovery until the resolution of a case whose discovery has just begun will cause undue delay and unfairly prejudice the parties.

Imposing a stay would also "disserve the interests of the judicial economy." *Philadelphia Indem. Ins. Co.*, 2007 WL 4336331, at *2. This case has already been delayed from November 2023 until April 2024, when the Court stayed the action so the parties could engage in settlement negotiations. Docs. 32, 42. The insurers were informed of Connor Grading's potential liability in September 2023, and they agreed to defend Connor Grading in October 2023. Doc. 43-3 at 22. Yet the insurers did not file their declaratory action until April 30, 2024, and they did not seek a stay until July 10, 2024. *See* No. 5:24-cv-00128, Doc. 2. There has already been significant delay in this case, and another indefinite delay would offend judicial economy. Doc. 42.

Finally, the only parties who would benefit from a stay are the slow-moving insurers, who would be relieved, perhaps or perhaps not permanently, of Connor Grading's defense costs, an expense they agreed to assume on October 9, 2023.

In sum, staying the litigation so the insurers can resolve their coverage dispute with Connor Grading would place an undue burden on the other four parties, particularly Schreiber. Any benefit of a stay to the insurers is outweighed by the burden of undue delay for the other parties and the Court. Accordingly, the insurers' motion to stay (Doc. 43) is **DENIED**. Because that is the only relief they seek, their motion to intervene is also **DENIED**.

**SO ORDERED**, this 24th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
